in her leg was sufficient basis for the instruction. There is no merit in the contention.

Defendant testified, among other things, that while driving south he saw evidence that an accident had occurred in the northbound drive; that he traveled south "200, 300 yards" while looking east; that he slowed down to "20 to 25 miles an hour"; that he was "gaping" at the accident; that "I must have accidently pulled my wheel, I don't know"; that "as soon as I hit the abutment I turned my head to see where I was going"; and that the lamp post broke right through the bumper and "pushed the wheel back toward me."

We agree with plaintiff that on either plaintiff's or defendant's theory the jury was justified in returning the verdict for the plaintiff. The verdict is not against the manifest weight of evidence. We conclude that the verdict was not the result of prejudice and for that reason think that the improper question to the juror was not prejudicial. The record does not show an unfair trial.

For the reasons given the judgment is affirmed.

*Affirmed.*

Lewe, P. J. and Feinberg, J., concur.

## Spring Packing Corporation, Appellee, v. George Weber, Trading as Weber Tool and Engineering Company, Appellant.

Gen. No. 45,784.

Edward W. Weikert, and Sonnenschein, Berkson, Lautmann, Levinson & Morse, for appellant; John J. Faissler, and Jack I. Levy, of counsel; Mitchell, Conway & Bane, and Charles J. Merriam, for appellee; William I. Conway, and Peter J. Brennan, Jr., of counsel. Opinion by JUSTICE FEINBERG. Not to be published in full. Opinion filed March 4, 1953; released for publication April 6, 1953.

Milk Bottle Crate Company, Appellee, v. Jacob I. Russakov, and Irwin J. Russakov, Copartners, Trading Under Firm Name of Russakov Company of America, Not Incorporated, Appellants.

Gen. No. 45,808.

Simon Herr, and Harold Ginsburg, for appellants; Rittenberg, Schulz, DeJohn & Mayer, for appellee; Carl Schulz, and Delos DeJohn, of counsel.